UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                                    )
IN RE APPLICATION OF USA PURSUANT    )        ML No: 1:20-ML-00970
TO 18 U.S.C. § 3512 FOR ORDER FOR        )
COMMISSIONER'S APPOINTMENT FOR      )
FRAUD INVESTIGATION                              )
                                                    )
_____)

*Reference:        DOJ Ref. # CRM-182-71407*

APPLICATION OF THE UNITED STATES FOR AN ORDER
FOR A COMMISSIONER'S APPOINTMENT PURSUANT TO 18 U.S.C. § 3512

The United States of America, moving by and through its undersigned counsel,

respectfully submits this *ex parte* application for an Order, pursuant to 18 U.S.C. § 3512,

appointing the undersigned attorney, Rachel G. Hertz, Trial Attorney, Office of International

Affairs, Criminal Division, U.S. Department of Justice (or a substitute or successor subsequently

designated by the Office of International Affairs), as a commissioner to collect evidence and to

take such other action as is necessary to execute this and any subsequent, supplemental requests

for assistance with the above-captioned criminal matter from the Kingdom of Saudi Arabia

(Saudi Arabia).  In support of this application, the United States asserts:

RELEVANT FACTS

1.        The Public Prosecution Office of the Kingdom of Saudi Arabia submitted a

request for assistance (the Request) to the United States, pursuant to the principles of comity and

reciprocity.

2.        As stated in the Request, the Public Prosecution Office is investigating unknown

subjects for fraud, which occurred in or about June to August 2017, in violation of the criminal

law of Saudi Arabia, specifically, Islamic Sharia provisions and the General Law.  Although the United States has no treaty obligation to assist Saudi Arabia, it generally does so as a matter of comity.

3.      According to Saudi Arabian authorities, in June 2017, the victim met an unknown individual using the name Ryan on an online dating website.  After he proposed to her and showed her fake travel tickets indicating he was traveling to Saudi Arabia to meet her, he requested money from her to pay his financial obligations, telling her he would pay her back when he was able to cash a large check.  Relying on this, the victim followed Ryan's instructions and made four transfers.  On June 5, 2017, the victim transferred USD 8,943, and on June 12, 2017, the victim transferred USD 27,500 to Citizen's Bank account number xxxxxx6566; on June 18, 2017, the victim transferred USD 28,000 to S Bank account number xxxxxxxx2382; and on July 10, 2017, the victim transferred USD 10,000 to JPMorgan Chase bank account number xxxxx3135.  All three accounts are located in the United States.  Subsequently, the victim realized she was a victim of fraud.  She hired three individuals located in Turkey to act on her behalf to help get her money back, however she has not been able to recover any of the transferred funds.

4.      To further the investigation, Saudi Arabian authorities have asked U.S. authorities to 1) provide bank records and information pertaining to Citizen's Bank account number xxxxxx6566, S Bank account number xxxxxxxx2382, and JPMorgan Chase Bank account number xxxxx3135; and 2) conduct interviews of the account holders.

## LEGAL BACKGROUND

5.      When executing a treaty or non-treaty request for assistance from a foreign authority, an attorney for the government may file an application to obtain any requisite court

orders under 18 U.S.C. § 3512.  This section authorizes a federal court to issue such orders and

provides in pertinent part:

> Upon application, duly authorized by an appropriate official of the Department of Justice, of an Attorney for the Government, a Federal judge may issue such orders as may be necessary to execute a request from a foreign authority for assistance in the investigation or prosecution of criminal offenses, or in proceedings related to the prosecution of criminal offenses, including proceedings regarding forfeiture, sentencing, and restitution.

> \*                    \*                    \*

> [A]n application for execution of a request from a foreign authority under this section may be filed . . . in the District of Columbia.

> \*                    \*                    \*

> The term "foreign authority" means a foreign judicial authority, a foreign authority responsible for the investigation or prosecution of criminal offenses or for proceedings related to the prosecution of criminal offenses, or an authority designated as a competent authority or central authority for the purpose of making requests for assistance pursuant to an agreement or treaty with the United States regarding assistance in criminal matters.

18 U.S.C. § 3512(a)(1), (c)(3), (h)(2).

6.      Congress enacted this section to make it "easier for the United States to respond

to [foreign] requests by allowing them to be centralized and by putting the process for handling

them within a clear statutory scheme."  155 Cong. Rec. 6,810 (2009) (statement of Sen.

Whitehouse); Foreign Evidence Request Efficiency Act of 2009, Pub. L. No. 111-79, 123 Stat.

2086.[1]  This section provides clear authority for the federal courts, upon application duly

---

[1] Prior to the enactment of 18 U.S.C. § 3512, the United States routinely utilized the procedures authorized by 28 U.S.C. § 1782 (the "commissioner" process) to execute requests from foreign authorities.  See In re Request from the United Kingdom, 685 F.3d 1, 11 (1st Cir. 2012) (18 U.S.C. § 3512 provides a more streamlined process than 28 U.S.C. § 1782, the statute under which foreign requests were executed prior to enactment of section 3512); see also Intel Corp. v. Advanced Micro Devices, Inc., 542 U.S. 241, 247-49 (2004) (describing history of Section 1782).  When enacting Section 3512, Congress anticipated that improved U.S. handling of foreign requests would ensure reciprocity in response to U.S. requests for assistance in its criminal investigations.  See, e.g., 155 Cong. Rec. 10,093 (2009) (statement of Rep. Schiff).

authorized by an appropriate official of the Department of Justice, to issue orders that are necessary to execute a foreign request.

7.    An application is duly authorized by an appropriate official of the Department of Justice when the Office of International Affairs[2] has reviewed and authorized the request, and executes the request itself or delegates execution to another attorney for the government.[3]  Upon such a duly authorized application, Section 3512 authorizes a federal judge[4] to issue "such orders as may be necessary to execute [the] request," including:  (1) search warrants under Fed. R. Crim. P. 41; (2) orders for electronic records under 18 U.S.C. § 2703; (3) orders for pen registers or trap and trace devices under 18 U.S.C. § 3123; and (4) orders appointing a person to direct the taking of testimony or statements and/or the production of documents or other things.  See 18 U.S.C. § 3512(a)(1)--(b)(1).  In addition, a federal judge may order any necessary procedures to facilitate the execution of the request, including any procedures requested by the foreign authority to facilitate its use of the evidence.  18 U.S.C. § 3512(a)(1).

8.    Section 3512 also authorizes any person appointed to direct the taking of testimony or statements and/or the production of documents.  The appointed person has authority to: (1) issue an order requiring a person to appear and/or produce documents or other things; (2) administer any necessary oaths; and (3) take testimony or statements and receive documents or

---

[2] The Attorney General, through regulations and Department of Justice directives, delegated to the Office of International Affairs the authority to serve as the "Central Authority" under treaties and executive agreements between the United States and other countries pertaining to mutual assistance in criminal matters.  See 28 C.F.R. 0.64-1, 0.64-4, and Appendix to Subpart K, Directive Nos. 81B and 81C (2018).

[3] "Section 3512 can be invoked only when authorized by OIA. . . .  Such authorization occurs when an attorney for the government, or his or her office, receives the referral of the request for execution from OIA."  Memorandum from the Deputy Attorney General to Department of Justice Components (May 16, 2011) (on file with the Office of International Affairs).

[4] The term "federal judge" includes a magistrate judge.  See 18 U.S.C. § 3512(h)(1); Fed. R. Crim. P. 1(b)(3)(B) (including a magistrate judge in the definition of federal judge).

other things.  18 U.S.C. § 3512(b)(2).  In ordering a person to appear and/or produce documents

or other things, the person appointed, commonly referred to as the "commissioner," typically

uses a subpoena entitled "Commissioner's Subpoena."  Any such subpoena may be served or

executed anywhere in the United States.  18 U.S.C. § 3512(f).  A sample "Commissioner's

Subpoena" is included as Attachment A.

<u>REQUEST FOR ORDER</u>

9.     The Office of International Affairs has reviewed and authorized the Request, and

is executing the Request itself.  Consequently, this application for an Order appointing the

undersigned attorney as a commissioner to collect evidence and to take such other action as is

necessary to execute the Request has been "duly authorized" within the meaning of Section

3512.  In addition, the Request was submitted by an appropriate "foreign authority," the Public

Prosecution Office, and seeks assistance in the investigation of a fraud – a criminal offense in

Saudi Arabia.  The requested Order is necessary to execute the Request, and the assistance

requested, <u>i.e.</u>, the production of bank records and witness interviews, falls squarely within that

contemplated by Section 3512.  Finally, this application was properly filed in the District of

Columbia.

10.     This application is being made *ex parte*, consistent with U.S. practice in its

domestic criminal matters.

11.     When executing a foreign request for assistance in a criminal matter, Section

3512 authorizes the use of compulsory process comparable to that used in domestic criminal

investigations and/or prosecutions.  Because subpoenas utilized in U.S. criminal proceedings

(<u>i.e.</u>, grand jury and criminal trial subpoenas) are issued without notice to any person other than

the recipient (<u>i.e.</u>, no notice to targets or defendants), orders and commissioner subpoenas issued

in execution of a foreign request pursuant to Section 3512 likewise should require no notice

other than to the recipients.  This is true even if the Requesting State, as here, seeks financial

records, because the Right to Financial Privacy Act, 12 U.S.C. §§ 3401 et seq., including its

notice provisions, does not apply to the execution of foreign requests for legal assistance.  Young

v. U.S. Dept. of Justice, 882 F.2d 633, 639 (2d Cir. 1989), cert. denied, 493 U.S. 1072 (1990); In

re Letters of Request from the Supreme Court of Hong Kong, 821 F. Supp. 204, 211 (S.D.N.Y.

1993); In re Letter of Request for Judicial Assistance from the Tribunal Civil de Port-Au-Prince,

Republic of Haiti, 669 F. Supp. 403, 407 (S.D. Fla. 1987).  Accordingly, this Court should

authorize a commissioner to collect the evidence requested without notice to any person(s) or

entity(ies) other than the recipient(s) of any given commissioner subpoena.

12.    Therefore, the United States respectfully requests that this Court issue the

attached Order, pursuant to 18 U.S.C. § 3512, appointing the undersigned attorney, Rachel G.

Hertz, Trial Attorney, Office of International Affairs (or a substitute or successor subsequently

designated by the Office of International Affairs) as a commissioner, authorizing the undersigned

to take the actions necessary, including the issuance of commissioner's subpoenas, as needed, to

collect the evidence necessary to execute any pending request for assistance and any subsequent,

supplemental requests in connection with the same matter, in a manner consistent with the

intended use of the evidence.

Respectfully submitted,

VAUGHN A. ARY
DIRECTOR
OFFICE OF INTERNATIONAL AFFAIRS
OK Bar Number 12199


By:    _____

Rachel G. Hertz
Trial Attorney
DC Bar Number 1531273
Office of International Affairs
Criminal Division, Department of Justice
1301 New York Avenue, N.W.
Washington, D.C. 20530
(202) 616-2871
Rachel.Hertz@usdoj.gov

7

**ATTACHMENT A**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )

IN RE APPLICATION OF USA PURSUANT  )
TO 18 U.S.C. § 3512 FOR ORDER FOR     )
COMMISSIONER'S APPOINTMENT FOR   )
*[Insert Nature of Case/Investigation]*       )
                                    )
_____)

*Reference:*     *[Insert DOJ#]*
**(*Please repeat when responding.*)**

## COMMISSIONER'S SUBPOENA

TO: *[Insert Name of Entity]*

     I, Commissioner *[Insert Attorney Name]*, Trial Attorney, Office of International Affairs, Criminal Division, U.S. Department of Justice, acting pursuant to 18 U.S.C. § 3512, and this Court's Order signed on *[Insert Date]*, for the purpose of rendering assistance to *[Insert Country]*, command that you provide the following documents regarding (an) alleged violation(s) of the laws of *[Insert Country]*; specifically, *[Insert Name of Offense(s)]*, in violation of Section *[Insert Number]* of the *[Insert Country Adjective] [Criminal][Penal]* Code.

     Provide records to International Affairs Specialist *[Insert Name]* by emailing them to *[Insert Email Address]* or by mailing via FedEx either a paper copy of the records or any commonly used digital storage device loaded with the files to the following mailing address by _____, 20__:

*[Insert IAS Name, Mailing Address, Email Address, and Telephone Number]*

     For failure to provide records *and/or appear for testimony*, you may be deemed guilty of contempt and liable to penalties under the law.

Date: _____

_____
COMMISSIONER
*[Insert Name]*
Trial Attorney
Office of International Affairs
Criminal Division, Department of Justice
1301 New York Avenue, N.W.
Washington, D.C. 20530
(202) *[Insert Number]*
*[Insert Email Address]*